2013 COA 137

**Martin Foster EGELHOFF, Plaintiff–Appellee,**

v.

**Lesley Joe TAYLOR, Defendant– Appellant.**

**Court of Appeals No. 12CA1963**

Colorado Court of Appeals, Div. II.

Announced August 15, 2013

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Lesley Joe Taylor, Pro Se

Opinion by JUDGE CASEBOLT

¶ 1 Defendant, Lesley Joe Taylor, appeals the judgment declaring his putative lien against the property of plaintiff, Martin Foster Egelhoff, invalid under section 38–35–204, C.R.S.2012, the "Spurious Liens and Documents" statute. We affirm.

## I. Background

¶ 2 Plaintiff (Judge Egelhoff) is a district court judge sitting in the second judicial district of Colorado. In 2008, Taylor pleaded guilty to criminal charges before Judge Egelhoff, who sentenced Taylor to incarceration.

¶ 3 After he was sentenced, Taylor began sending Judge Egelhoff various documents, claiming that Judge Egelhoff was indebted to him. These documents essentially stated that, if Judge Egelhoff did not specifically rebut the alleged debt, he would become personally liable to Taylor for five hundred million dollars.

¶ 4 Judge Egelhoff subsequently issued an order acknowledging that he had received the documents and struck the documents because they did not set forth legally cognizable grounds for relief. Thereafter, Taylor sent additional letters to Judge Egelhoff regarding the alleged debt. Eventually, Taylor filed a document purporting to be a lien with the Denver County Clerk and Recorder, asserting that Judge Egelhoff owed him five hundred million dollars and that this debt was secured by Judge Egelhoff 's real and personal property.

¶ 5 Judge Egelhoff then filed this action in the district court of the second judicial district, petitioning for an order to show cause why the lien should not be declared invalid pursuant to section 38–35–204 and C.R.C.P. 105.1. Because Judge Egelhoff sits in the second judicial district, a senior judge, Judge Kenneth M. Plotz, was assigned to handle this case. Judge Plotz issued an order directing Taylor to show cause and scheduled a hearing.

¶ 6 Before the hearing, Taylor was served with a copy of the petition and the order to show cause. The court subsequently held the hearing, which Taylor attended by telephone. Thereafter, the court issued an order declaring the lien documents invalid. The order stated that Taylor had "failed to offer evidence to meet his burden to show that the lien documents should not be declared invalid as required by § 38–35–204, C.R.S."

¶ 7 Judge Egelhoff later moved to strike numerous documents that Taylor had filed with the court but had not served. The court granted the motion and struck the filings. This appeal followed.

## II. Validity of the Lien

¶ 8 Taylor asserts that the court erred in concluding that his lien was spurious and, therefore, invalid. Specifically, he contends that he sent numerous documents in support of his lien to the court before the hearing, but that the court clerk did not file them until after the hearing. Therefore, according to Taylor, the court erroneously held that he failed to offer evidence to satisfy his burden of establishing the validity of the lien. We disagree.

### A. Standard of Review

¶ 9 We review the court's determinations as a mixed question of fact and law. *See Deutsche Bank Trust Co. Ams. v. Samora*, 2013 COA 81, ¶ 37, —— P.3d ——, 2013 WL 2338183. We accept the court's findings of fact unless they are clearly erroneous and review de novo the court's application of the governing legal standard to the facts. *Id.* A

finding is clearly erroneous only if it is not supported by the record. *See id.*

## B. Law

¶ 10 Section 38–35–204(1), C.R.S.2012, provides that "[a]ny person whose real or personal property is affected by a recorded or filed lien or document that the person believes is a spurious lien or spurious document may petition the district court ... for an order to show cause why the lien or document should not be declared invalid."

¶ 11 If the court grants the petition and issues an order to show cause, the lien claimant is then required to appear before the court "to show cause why the lien or document should not be declared invalid ...." § 38–35–204(1)(a), C.R.S. 2012. At the hearing, the claimant may present evidence and argument in support of his contentions. *See Westar Holdings P'ship v. Reece,* 991 P.2d 328, 330–31 (Colo.App.1999). If, following the hearing, the court determines that the lien or document is spurious, "the court shall make findings of fact and enter an order and decree declaring the spurious lien or spurious document ... invalid [and] releasing the recorded or filed spurious lien or spurious document ...." § 38–35–204(2), C.R.S.2012.

¶ 12 A "spurious document" is "any document that is forged or groundless, contains a material misstatement or false claim, or is otherwise patently invalid." § 38–35–201(3), C.R.S. 2012. In other words, a document is spurious "if its proponent can offer no rational legal or factual support for its validity." *Rossi v. Osage Highland Dev., LLC,* 219 P.3d 319, 323 (Colo.App.2009) (citing *Pierce v. Francis,* 194 P.3d 505, 509 (Colo.App.2008); *Westar Holdings P'ship,* 991 P.2d at 330).

## C. Application

¶ 13 First, Taylor, as "the appellant ... is responsible for providing an adequate record to demonstrate [his] claims of error, and absent such a record, [an appellate court] must presume the evidence fully supports the trial court's ruling." *Clements v. Davies,* 217 P.3d 912, 916 (Colo.App.2009).

Taylor has not provided a transcript of the hearing. Therefore, we presume that the court's ruling declaring the lien invalid is supported by the record.

¶ 14 Second, even assuming that Taylor sent numerous supporting documents to the court that were not filed before the hearing, we nevertheless conclude that the court did not err in declaring the lien invalid.

¶ 15 As required under section 38–35–204, the court gave Taylor the opportunity to appear at the hearing and present evidence and argument concerning the validity of the lien documents. *See Westar Holdings P'ship,* 991 P.2d at 330–31. But neither the documents Taylor sent to the district court nor his arguments on appeal provide legal or factual support for the validity of the lien, because the only basis Taylor offers in support of the lien is that Judge Egelhoff owes him five hundred million dollars by virtue of a "Commercial Affidavit Process," which, as we conclude below, is not recognized by the law.

¶ 16 Taylor contends that the "Commercial Affidavit Process" permits an individual to send an affidavit to a purported debtor, claiming the recipient owes the sender a debt, and if the recipient does not specifically rebut the alleged debt, he is deemed to have agreed to the debt and its collection by any means. In other words, according to Taylor, a recipient's silence results in a "self-executing contract," binding the recipient to pay the amount of the alleged debt. Thus, Taylor argues that, because Judge Egelhoff did not respond to his affidavit, Judge Egelhoff agreed the five hundred million dollar debt was valid.

¶ 17 Colorado courts do not recognize this so-called Commercial Affidavit Process. Taylor has cited no statute or case authority, and we have found none, that in any way validates his assertions.

¶ 18 Further, to establish a contract, "the parties must agree upon all essential terms." *Fed. Lumber Co. v. Wheeler,* 643 P.2d 31, 36 (Colo.1981). "[S]ilence or inaction will be deemed acceptance of an offer only when the relationship between the parties is such that an offeror is justified in

expecting a reply or the offeree is under a duty to respond." *Haberl v. Bigelow,* 855 P.2d 1368, 1374 (Colo.1993).

¶ 19 Here, there is no evidence that Judge Egelhoff and Taylor had any relationship or that Judge Egelhoff entered into any contract with Taylor. Furthermore, Taylor cannot justify expecting a response to his unilateral demand for payment. And Judge Egelhoff was under no duty to respond to the request. Thus, Judge Egelhoff 's inaction cannot constitute agreement to pay the alleged debt.

¶ 20 Taylor also contends that, because the "Commercial Affidavit Process" is nonjudicial and a private contract matter, the district court lacked jurisdiction to declare the lien invalid. This argument is without merit. As stated above, Colorado courts do not recognize any "Commercial Affidavit Process." Further, sections 38–35–201 to –204, C.R.S. 2012, provided the district court with jurisdiction to declare the spurious lien invalid.

¶ 21 Accordingly, because Taylor has not offered any factual or legal support for the lien's validity, the district court did not err in finding the lien spurious and thus invalid. *See Rossi,* 219 P.3d at 323.

### III. Exhaustion of Administrative Remedies

¶ 22 Taylor contends that Judge Egelhoff failed to exhaust his administrative remedies before challenging the liens as spurious under section 38–35–204, and therefore, the court lacked subject matter jurisdiction. We disagree.

### A. Standard of Review

¶ 23 We review de novo whether a court has subject matter jurisdiction. *Hendricks v. Allied Waste Transp., Inc.,* 2012 COA 88, ¶ 10, 282 P.3d 520.

### B. Law

¶ 24 The doctrine of exhaustion of administrative remedies requires parties in a civil action to pursue available statutory administrative remedies before seeking judicial review of a claim. *Thomas v. FDIC,* 255 P.3d 1073, 1077 (Colo.2011). "Where a party fails to exhaust these remedies, a trial court is without jurisdiction to hear the action." *Id.* Typically, the doctrine applies in a controversy between a private party and a governmental agency; it does not apply to a dispute between two private parties. *Hendricks,* ¶ 13.

### C. Application

¶ 25 Here, Judge Egelhoff had no available administrative remedies to exhaust. The proper procedure for removing a spurious lien is to file a petition in a court seeking an order to show cause under section 38–35–204, as Judge Egelhoff did here. In addition, both Taylor and Judge Egelhoff are proceeding in this action as private parties, not state agencies. Therefore, the doctrine of exhaustion of administrative remedies is inapplicable. *See Hendricks,* ¶ 13.

### IV. Authority of Judge Plotz

¶ 26 Taylor asserts that Judge Plotz did not have authority to preside over plaintiff's claim. We reject this assertion.

### A. Standard of Review

¶ 27 Whether a judge has authority to preside over a proceeding involves a question of law that we review de novo. *See Wilkerson v. Dist. Court,* 925 P.2d 1373, 1376 (Colo.1996).

### B. Law and Application

¶ 28 Here, Taylor filed a motion to recuse Judge Plotz, but did so after the court had issued its order declaring the purported lien against Judge Egelhoff 's property invalid. But even assuming that the motion was timely, recusal was not warranted.

¶ 29 To the extent Taylor contends that, pursuant to section 13–5–143, C.R.S. 2012, Judge Plotz did not have authority to preside over the case because he is or was a judge in the second judicial district, we disagree. We take judicial notice under CRE 201 that, as a senior judge, Judge Plotz is not assigned as a judicial officer to any particular district. In addition, before assuming senior status, Judge Plotz was a judge in the eleventh judicial district, not the second judicial dis-

trict. Therefore, section 13–5–143 is inapposite.

¶ 30 Moreover, contrary to Taylor's assertion, Judge Plotz's authority to preside over the action was not contingent upon the parties' agreeing to his appointment. *See* Colo. Const. art VI, § 5(3); § 24–51–1105, C.R.S. 2012.

¶ 31 In sum, Judge Plotz had authority to preside in this case.

### V. Notice of the Proceedings

¶ 32 Taylor contends that the petition and order to show cause did not comply with the notice requirements of section 38–35–204 and C.R.C.P. 105.1, and therefore, the court lacked jurisdiction over the proceedings. We conclude that any error is harmless.

¶ 33 C.R.C.P. 105.1(b) provides in relevant part that the petitioner who seeks an order to show cause why a lien should not be declared spurious

> shall issue a notice to respondent setting forth the time and place for the hearing on the show cause order ... and shall advise respondent of the right to file and serve a response as provided in [C.R.C.P. 105.1(c)], including a reference to the last day for filing a response and the addresses at which such response must be filed and served.

C.R.C. P 105.1(d) provides that, if the respondent fails to timely file a response, "the court shall examine the petition and, if satisfied that venue is proper and that the lien or document is spurious, the court shall dispense with the hearing and ... enter the order...." If the respondent does file a timely response, the court shall hold a hearing and subsequently issue an order supporting its conclusion as to the lien's validity. C.R.C.P. 105.1(d).

¶ 34 Here, Taylor was served with a copy of the petition and the order to show cause; however, the documents did not notify him of the right to file a response or the deadline for filing such. Although he did not file a response, the district court nonetheless held a hearing and allowed him to present evidence and argument in support of his purported lien. Thus, any deficiency in the notice was harmless and did not affect Taylor's substantial rights. *See Union Ins. Co. v. Hottenstein*, 83 P.3d 1196, 1199 (Colo.App. 2003) ("A party's substantial right is one that relates to the subject matter and not to a matter of procedure or form."). Accordingly, we will disregard the error. *See* C.R.C.P. 61.

### VI. Constitutionality of Section 38–35–204 and C.R.C.P. 105.1

¶ 35 Taylor also asserts that section 38–35–204 and C.R.C.P. 105.1 are unconstitutional because they permit a county clerk or recorder to summarily reject a lien or document that the clerk believes is spurious. Contrary to defendant's assertion, section 38–35–202, C.R.S. 2012, not section 38–35–204 or C.R.C.P. 105. 1, permits this limited review process. However, because Taylor's lien document was not summarily rejected, but rather was accepted, he has not alleged an injury in fact. Accordingly, he lacks standing to challenge the constitutionality of section 38–35–202. *See Hotaling v. Hickenlooper*, 275 P.3d 723, 725 (Colo.App.2011).

¶ 36 We reject Taylor's remaining contentions as meritless.

¶ 37 The judgment is affirmed.

JUDGE DUNN and JUDGE MÁRQUEZ * concur.