2015 COA 2

**Samuel H. MASLAK; Luleta Maslak; R. Glenn Hilliard; Deborah L. Webster; Richard J. Callahan; Mary Celeste Callahan; Olson Family 2012 Trust; Landon Hilliard; 1835 Sunburst Drive, LLC, a Colorado limited liability company; and Starfire Company, LTD, Plaintiffs–Appellants,**

v.

**TOWN OF VAIL, a municipal corporation; and Planning and Environmental Commission. of the Town of Vail, Defendants–Appellees.**

**Court of Appeals No. 13CA1870 & 13CA2013**

Colorado Court of Appeals, Div. III.

Announced January 15, 2015

§ 24–51–1105, C.R.S.2013.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Holland & Hart LLP, Christopher H. Toll, Steven T. Collis, Greenwood Village, Colorado; Holland and Hart LLP, Stephen G. Masciocchi, Denver, Colorado, for Plaintiffs–Appellants.

Hayes Phillips Hoffmann & Carberry, Kelly L. Donlon, Kendra L. Carberry, Denver, Colorado; Hayes Phillips Hoffmann & Carberry, J. Matthew Mire, Vail, Colorado, for Defendants–Appellees Town of Vail, a municipal corporation, and Planning and Environmental Commission of the Town of Vail.

Opinion by JUDGE HAWTHORNE

¶ 1 In this municipal land use dispute, plaintiffs—Samuel H. Maslak, Luleta Maslak, R. Glenn Hilliard, Deborah L. Webster, Richard J. Callahan, Mary Celeste Callahan, Olson Family 2012 Trust, Landon Hilliard, 1835 Sunburst Drive, LLC, a Colorado limited liability company, and Starfire Company, LTD (collectively the Homeowners)—appeal the Eagle County District Court's order granting the motions to dismiss for lack of subject matter jurisdiction filed by defendants, the Town of Vail (the Town), the Planning and Environmental Commission of the Town of Vail (the Planning Commission), and the Vail Recreation District (the VRD). The Homeowners also appeal the court's order awarding attorney fees to the Town. We vacate the orders and remand the case to the district court with instructions to reinstate the Homeowners' complaint in the Eagle County District Court.

## I. Facts and Procedural History

¶ 2 The Town and the VRD submitted an application to the Planning Commission to amend the Vail Golf Course's conditional use permit so that the golf course could be expanded to accommodate an events center. Over the Homeowners' objections, the Planning Commission approved the application. The Homeowners appealed the Planning Commission's decision to the Town Council, which upheld the decision.

¶ 3 The Homeowners then filed a C.R.C.P. 106(a)(4) complaint, seeking review of the Town Council's decision. The Homeowners E–Filed the complaint with ICCES, Colorado's E–Filing Provider, on June 28, 2013, which was four days before the 28–day deadline for filing a Rule 106(a)(4) complaint. See C.R.C.P. 106(b) (28–day deadline for filing Rule 106(a)(4) complaints). The administrative assistant who filed it, however, selected the wrong district court (the Denver District Court) from the ICCES drop-down menu, rather than the Eagle County District Court that was noted on the caption.

¶ 4 Three days later, ICCES e-mailed a notice to the administrative assistant indicat-

ing that the Denver District Court Clerk had rejected the complaint because of an "incorrect caption." The rejection notice stated: "please correct and re-submit or submit to correct court." The administrative assistant read the e-mail notice on July 5, 2013, and immediately submitted the complaint to the correct court, the Eagle County District Court.

¶ 5 Defendants then filed motions in the Eagle County District Court, seeking to dismiss the Homeowners' Rule 106(a)(4) action for lack of subject matter jurisdiction. As relevant here, the Town argued that the Homeowners "did not file their Complaint until July 5, 2013. Therefore, [they] have failed to meet their jurisdictional requirements of perfecting their appeal within 28 days and their Complaint should be dismissed." The VRD similarly argued: "The Complaint in this action was not filed until July 5, 2013. . . . Because [the Homeowners'] Complaint was not filed, and this action not commenced and perfected within twenty-eight (28) days after the final decision complained of, the Court lacks subject matter [jurisdiction] to proceed. [The Homeowners'] Complaint must therefore be dismissed with prejudice."

¶ 6 In response, the Homeowners argued that they "filed this action in a district court with jurisdiction over the matter and thus properly invoked the jurisdiction of the district courts in a timely manner." The Homeowners alternatively argued that their misfiling was due to technical difficulties with the E–Filing system, and the Eagle County District Court could therefore permit the complaint to be filed *nunc pro tunc* to the date it was E–Filed with the Denver District Court.

¶ 7 The Eagle County District Court granted defendants' motions to dismiss for lack of subject matter jurisdiction, rejecting the Homeowners' "technical difficulties" argument. The court did not, however, address the Homeowners' argument that they had "filed [the] action in a district court with jurisdiction over the matter and thus properly invoked the jurisdiction of the district courts in a timely manner."

¶ 8 The Town then filed a motion for attorney fees, arguing that the Homeowners' continued pursuit of the action against defendants was frivolous and groundless. The court granted the motion and ordered the Homeowners to pay the Town's reasonable attorney fees.

## II. Subject Matter Jurisdiction

¶ 9 The Homeowners contend that they had invoked district court jurisdiction—including that of the Eagle County District Court—by E–Filing their Rule 106(a)(4) complaint with the Denver District Court before the 28–day jurisdictional deadline for filing a Rule 106(a)(4) complaint. Thus, according to the Homeowners, the Eagle County District Court erred in dismissing their Rule 106(a)(4) complaint for lack of subject matter jurisdiction. We agree.

### A. Standard of Review and Preservation

¶ 10 We review de novo whether a district court has subject matter jurisdiction over an action. *Egelhoff v. Taylor*, 2013 COA 137, ¶ 23, 312 P.3d 270; *see also Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203, 1207 (Colo. App. 2000). To the extent that our review requires us to construe the Colorado Rules of Civil Procedure (the Rules), we construe them de novo. *DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187. We must construe the Rules "liberally to effectuate their objective to secure the just, speedy, and inexpensive determination of every case and their truth-seeking purpose." *Id.*; *see also* C.R.C.P. 1.

¶ 11 Defendants, however, argue that we should not review this contention because "the Homeowners' argument . . . of whether the . . . submission to the Denver . . . District Court constituted a 'filing' was never presented in the trial court." Specifically, defendants note that the Homeowners cite to C.R.C.P. 121 §§ 1–26(4)–(5) in arguing this issue on appeal, but did not do so when arguing before the Eagle County District Court. Thus, according to defendants, the Homeowners did not preserve for appeal the argument that they had invoked district court jurisdiction—including that of the Eagle County District Court—by timely E–Fil-

ing their Rule 106(a)(4) complaint with the Denver District Court. We are not persuaded.

¶ 12 Defendants are correct that the Homeowners cite to Rule 121 §§ 1–26(4)–(5) on appeal, but did not cite to that rule in arguing to the district court. Nevertheless, the Homeowners repeatedly argued to the district court that they had "filed this action in a district court with jurisdiction over the matter and thus properly invoked the jurisdiction of the district courts in a timely manner." The Town and the VRD likewise argued below that the Eagle County District Court lacked subject matter jurisdiction because the Homeowners *did not file* their Rule 106(a)(4) complaint by the 28–day jurisdictional deadline. These conflicting arguments demonstrate that the issue of whether the Homeowners timely filed their Rule 106(a)(4) complaint in district court, and thus invoked the Eagle County District Court's jurisdiction, was squarely before the Eagle County District Court. The Homeowners' citation to Rule 121 §§ 1–26(4)–(5) simply provides additional support for their argument.

### B. Legal Framework

¶ 13 Rule 106(a)(4) authorizes district court review of claims that a governmental body abused its discretion. See C.R.C.P. 106(a)-(a)(4) ("[R]elief may be obtained in the district court" for claims that a "governmental body ... has ... abused its discretion....").

¶ 14 Subsection (a)(4)(II) addresses how a Rule 106(a)(4) action is commenced. It provides:

> Review pursuant to this subsection (4) shall be commenced by the filing of a complaint....

This is consistent with Rule 121 § 1–26(4), which applies to E–Filings. It states:

> 4. Commencement of Action—Service of Summons: Cases may be commenced under C.R.C.P. 3 by E–Filing the initial pleading....

¶ 15 Rule 121 § 1–26(5) addresses when an E–Filing is "filed":

> 5. E–Filing—Date and Time of Filing: Documents filed in cases on the E–System

may be filed under C.R.C.P. 5 through an E–Filing. A document transmitted to the E–System Provider by 11:59 p.m. Colorado time shall be deemed to have been filed with the clerk of the court on that date....

¶ 16 Read together, these rules provide that a litigant may commence Rule 106(a)(4) district court review by E–Filing the Rule 106(a)(4) complaint with the district court, and the complaint shall be deemed to have been filed on the date that it is transmitted to the E–System provider. See C.R.C.P. 106(a)(4)(II) and 121 §§ 126(4)–(5).

¶ 17 C.R.C.P. 3(b) adds that the court "shall have jurisdiction from (1) the filing of the complaint, or (2) the service of the summons and complaint." Rule 106(b), however, states:

> [A] complaint seeking review under subsection (a)(4) of this Rule shall be filed in the district court not later than 28 days after the final decision of the body or officer.

Our supreme court has held that Rule 106(b)'s 28–day filing requirement is jurisdictional. *Citizens for Responsible Growth v. RCI Dev. Partners,* 252 P.3d 1104, 1106 (Colo. 2011). Thus, a Rule 106(a)(4) complaint that is not filed in the district court by the 28–day jurisdictional deadline must be dismissed for lack of subject matter jurisdiction. *See Wallin v. Cosner,* 210 P.3d 479, 480 (Colo. App. 2009).

¶ 18 Reading Rules 3(b) and 106(b) together with the previously discussed rules demonstrates that: (1) a litigant invokes district court jurisdiction and commences Rule 106(a)(4) review by E–Filing a Rule 106(a)(4) complaint with the district court by the 28–day jurisdictional deadline; (2) a Rule 106(a)(4) complaint is deemed to have been filed on the date it is transmitted to the E–System Provider; and (3) a Rule 106(a)(4) complaint that is not filed in the district court by the 28–day jurisdictional deadline must be dismissed for lack of subject matter jurisdiction. *See* C.R.C.P. 106(a); C.R.C.P. 106(a)(4); C.R.C.P. 121 § 1–26(4); C.R.C.P. 106(b); C.R.C.P. 3(b).

## C. Analysis

¶ 19 The Homeowners E–Filed their Rule 106(a)(4) complaint with the Denver District Court on June 28, 2013, which was four days before Rule 106(b)'s jurisdictional deadline. The Rule 106(a)(4) complaint was thus "filed in the district court" on June 28, 2013, and the Homeowners invoked district court jurisdiction—including that of the Eagle County District Court—on that date. C.R.C.P. 106(b); *see* C.R.C.P. 106(a); C.R.C.P. 106(a)(4); C.R.C.P. 121 § 126(4); C.R.C.P. 3(b).

¶ 20 The fact that the Homeowners E–Filed their Rule 106(a)(4) complaint with the Denver District Court, rather than with the Eagle County District Court, did not deprive the Eagle County District Court of its subject matter jurisdiction over the action. Rule 106 does not state that district court jurisdiction over a Rule 106(a)(4) action is limited to the district court where a Rule 106(a)(4) complaint is originally filed, nor does it state that district court jurisdiction over a Rule 106(a)(4) action is limited to the district court where venue is proper. *See* C.R.C.P. 106. Rule 3(b) likewise does not state that jurisdiction over an action is limited to the court where an action is originally filed. *See* C.R.C.P. 3(b). We may not read such limitations into these rules. *See Berumen v. Dep't of Human Servs.*, 2012 COA 73, ¶ 26, 304 P.3d 601 (court "may not read into the rule a requirement that does not exist"); *Baker v. City of Dacono*, 928 P.2d 826, 827 (Colo. App. 1996) (court would not read a requirement into Rule 106 that did not exist); *Theobald v. Dist. Court*, 148 Colo. 466, 475, 366 P.2d 563, 567 (1961) (same); *see also Franz v. Indus. Claim Appeals Office*, 250 P.3d 755, 760 (Colo. App. 2010) (appellate court would not read language into a workers' compensation rule of procedure that did not exist).

¶ 21 And even if Rule 106 were to include a provision limiting review to a particular district court, such a place-based restriction would not necessarily be jurisdictional. *Cf. Assoc. Gov'ts of Nw. Colo. v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶¶ 12, 26, 275 P.3d 646 (provision in the Public Utilities Commission review statute, which provides that "[a]ll actions for review shall be commenced and tried in the district court in and for the county in which the petitioner resides, or if a corporation or partnership in the county in which it maintains its principal office or place of business, or in the district court of the city and county of Denver," is a venue provision and not a jurisdictional provision).

¶ 22 The Homeowners therefore invoked district court jurisdiction—including that of the Eagle County District Court—by timely E–Filing their Rule 106(a)(4) complaint with the Denver District Court. *See* C.R.C.P. 106(a); C.R.C.P. 106(a)(4); C.R.C.P. 106(b); C.R.C.P. 121 § 1–26(4); C.R.C.P. 3(b).

¶ 23 Defendants, however, argue that the Eagle County District Court's dismissal for lack of subject matter jurisdiction was proper for two reasons. First, they assert that the Homeowners' Rule 106(a)(4) complaint was not "filed" in the Denver District Court because the Clerk had rejected it. Second, defendants assert that, although the rejection notice required the Homeowners to submit their complaint to the Eagle County District Court, doing so instituted an "entirely new" and "entirely separate" action that did not invoke the Eagle County Court's jurisdiction. We reject each argument in turn.

### 1. The Rejection Did Not Alter the Fact that the Rule 106(a)(4) Complaint was "Filed"

¶ 24 The Colorado Supreme Court Chief Justice Directive (CJD) 1101 § XI permits courts to reject E–Filed documents for more than three dozen reasons, including, for example:

- incorrect font size;
- incorrect margins;
- errors in the caption;
- a proposed order was filed together with, rather than separately from, the motion;
- the document cannot be opened by the court because of an apparent corruption;
- the document is quarantined by the system as potentially having a virus;
- the document was scanned inappropriately;
- the document shows tracked changes;

- duplicate documents were filed; and, as relevant here,
- the document was filed in the wrong court location.

¶ 25 Based on this list, the Denver District Court Clerk acted within her discretion in rejecting the Homeowners' Rule 106(a)(4) complaint because the caption indicated that they had intended to file it in the Eagle County District Court. *See* CJD 11–01 § XI.

¶ 26 However, contrary to defendants' suggestion, the Clerk's rejection of the Rule 106(a)(4) complaint does not, and cannot, alter the fact that the complaint had been "filed" in the district court on the date that it was transmitted to the E–System Provider. *See* Rule 121 § 1–26(5) ("A document transmitted to the E–System Provider by 11:59 p.m. Colorado time shall be deemed to have been filed with the clerk of the court on that date."). The rejection therefore also does not, and cannot, alter the fact that the Homeowners had invoked district court jurisdiction—including that of the Eagle County District Court—on the date that they E–Filed their Rule 106(a)(4) complaint with the Denver District Court. *See* C.R.C.P. 106(a); C.R.C.P. 121 §§ 1–26(4)–(5); C.R.C.P. 3(b); C.R.C.P. 106(b). Indeed, a clerk's rejection of a complaint under the CJD 11–01 § XI rejection list cannot deprive a court of jurisdiction because the rejection list is administrative and is not a jurisdictional rule. *See Hodges v. People*, 158 P.3d 922, 926 (Colo. 2007) ("Chief Justice directives are an expression of Judicial Branch policy and are to be given ... effect in matters of *court administration*.") (emphasis added).

¶ 27 Moreover, interpreting CJD 11–01 § XI as defendants suggests would, in many instances, grant district court clerks discretionary authority to determine the district court's subject matter jurisdiction over an E–Filed Rule 106(a)(4) action while at the same time rendering the filing rules set forth in Rules 121 §§ 1–26(4)–(5) and 106(a)(4) meaningless. For example, under defendants' reading, if a litigant were to timely E–File a Rule 106(a)(4) complaint with the district court on the day of the jurisdictional filing deadline, and the district court clerk

were to review it the following morning and properly reject it because of an apparent corruption or virus, then the complaint would be deemed as not having been timely filed and district court jurisdiction not invoked, despite Rule 121 § 1–26(5)'s declaration that an E–Filed document "shall be deemed to have been filed" on the date it is "transmitted to the E–System Provider." Such a result not only contradicts the relevant rules of civil procedure, but also defies common sense because the CJD 11–01 § XI rejection list is not a jurisdictional rule and therefore "should not be applied in a manner which unreasonably denies a party its day in court." *Nagy v. Dist. Court*, 762 P.2d 158, 163 (Colo. 1988) (discussing C.R.C.P. 121); *see also Hodges*, 158 P.3d at 926.

¶ 28 Moreover, defendants received prompt notice that the Homeowners had timely E–Filed their Rule 106(a)(4) complaint with the Denver District Court and were not prejudiced by the E–Filing error. *See Gould & Preisner, Inc. v. Dist. Court*, 149 Colo. 484, 488, 369 P.2d 554, 557 (1962) ("A litigant should not be deprived of his day in court because of an inadvertent omission of counsel when the oversight can be corrected without prejudice to the rights of any litigant involved in the action."). Indeed, the record shows that the Homeowners e-mailed defendants courtesy copies of their E–Filed Rule 106(a)(4) complaint and the electronic submission sheet on the same day that they had E–Filed it. The record likewise shows that the Homeowners promptly notified the Eagle County District Court that they had timely E–Filed their Rule 106(a)(4) complaint with the Denver District Court, but that it had been rejected because of an "incorrect caption."

¶ 29 We also reject defendants' related assertion that the Homeowners' Rule 106(a)(4) complaint had not been "filed" because the Denver District Court did not assign it to a judge or give it a case number. Defendants cite no authority stating that those are the criteria for determining whether an E–Filed document is filed. To the contrary, Rule 121 § 1–26(5), which is titled "E–Filing—Date and Time of Filing," does not include such criteria.

2. Submitting the Complaint to the Eagle County District Court, Pursuant to the Denver District Court Clerk's Rejection Notice Instructions, Did Not Institute a New and Distinct Action for Purposes of Invoking the Eagle County District Court's Jurisdiction

¶ 30 Defendants also argue that the Eagle County District Court properly dismissed the Homeowner's Rule 106(a)(4) action for lack of subject matter jurisdiction because, although the rejection notice required the Homeowners to submit their complaint to the Eagle County District Court, doing so instituted an "entirely new" and "entirely separate" action that did not invoke the Eagle County Court's jurisdiction. We are not persuaded.

¶ 31 As discussed, the Denver District Court Clerk's rejection did not alter the fact that the complaint had been "filed" pursuant to Rule 121 § 1–26(5). *See supra* Part II. C.1. Nor did the rejection dismiss or otherwise annul the action such that submitting the Rule 106(a)(4) complaint pursuant to the rejection notice's instructions, as the Homeowners did, instituted an "entirely new" and "entirely separate" Rule 106(a)(4) action for purposes of invoking district court jurisdiction within Rule 106(b)'s 28–day deadline. CJD 11–01 § XI does not indicate that a rejection effects such a dismissal, nor did the Clerk's rejection notice purport to do so.

¶ 32 The Clerk's rejection notice simply instructed the Homeowners to "correct" the caption and resubmit the complaint to the Denver District Court, or to submit the complaint to the "correct court." Because the caption was already correct and thus could not be "corrected," the Homeowners were required to follow the rejection notice's second option and submit their Rule 106(a)(4) complaint—which, as discussed, had already been "filed" and therefore had already invoked district court jurisdiction—to the "correct court," namely, the Eagle County District Court. Thus, submitting the Rule 106(a)(4) complaint to the "correct court" pursuant to the Denver District Court Clerk's E–Filing rejection notice instructions, did not constitute the filing of an "entirely new" and "entirely separate" action for purposes of invoking district court jurisdiction within Rule 106(b)'s 28–day jurisdictional window.

### III. Conclusion

¶ 33 In summary, the Homeowners invoked district court jurisdiction—including that of the Eagle County District Court—by E–Filing their Rule 106(a)(4) complaint with the Denver District Court before Rule 106(b)'s 28–day jurisdictional deadline. *See supra* Part II.C.1. The Denver District Court Clerk's rejection did not alter the district courts' subject matter jurisdiction over the Rule 106(a)(4) action. *See id.* Nor did the Homeowners alter the district courts' subject matter jurisdiction over their Rule 106(a)(4) action by complying with the Denver District Court's rejection notice, which had required them to submit their correctly captioned Rule 106(a)(4) complaint to the "correct court," i.e., the Eagle County District Court. *See supra* Part II.C.2. Accordingly, the Eagle County District Court erred in dismissing the complaint for lack of subject matter jurisdiction.

¶ 34 The Eagle County District Court therefore also erred in concluding that, because their complaint was not timely filed, the Homeowners' continued pursuit of their Rule 106(a)(4) action was frivolous and groundless.

¶ 35 We thus vacate the order dismissing the action for lack of subject matter jurisdiction, as well as the order awarding attorney fees to the Town, and remand the case to the district court with instructions to reinstate the complaint in the Eagle County District Court.

JUDGE DAILEY and JUDGE DUNN concur.