25CA0664 Interest of Huckabee 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0664
Arapahoe County District Court No. 12PR639
Honorable H. Clay Hurst, Judge

---

In the Interest of Kevin Huckabee, Ward,

Helena Huckabee,

Appellant,

v.

Tammy Conover,

Guardian Ad Litem-Appellee.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE TOW
Welling and Lipinsky, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Solem, Woodward & McKinley, P.C., R. Eric Solem, Andrew Gwirtsman, Englewood, Colorado, for Appellant

Paige Mackey Murray, LLC, Paige Mackey Murray, Boulder, Colorado, for Appellee

¶ 1     Helena Huckabee (mother) appeals the district court's order awarding compensation to Tammy Conover, the appointed guardian ad litem (GAL) for mother's son, Kevin Huckabee (ward). We reverse the order and remand the case for further proceedings.

## I.     Background

¶ 2     Paul Huckabee (father) and mother served as co-guardians for their profoundly disabled adult son, the ward. After the dissolution of mother and father's marriage, a dispute about the ward's care arose, which mother and father resolved with a settlement agreement. As part of this agreement, father and mother agreed to appoint the GAL to represent the ward's best interests. The settlement agreement also provided that "[t]he cost of the GAL will be split equally." The court granted father's unopposed motion for approval of the settlement agreement and appointment of the GAL.

¶ 3     After ongoing conflict, father filed a motion to remove mother as co-guardian, which the GAL supported. After an evidentiary hearing, the court granted the motion.

¶ 4     Mother then stopped paying the GAL. After nine months of nonpayment, the GAL filed a motion seeking an order directing mother to pay the GAL $31,200.90. Attached to the motion was a

1

document titled "Huckabee invoice and payment division," showing two charts with dates, invoice numbers, and the amount the GAL asserted mother owed.

¶ 5     The GAL filed a notice of hearing without appearance pursuant to C.R.P.P. 24. Before the hearing date, mother filed an objection to the GAL's compensation request and asked the court to set an evidentiary hearing on the reasonableness of the requested compensation. Mother cited section 15-10-603, C.R.S. 2025, for the proposition that the court must consider certain factors when determining the reasonableness of requested compensation. Her motion was filed on a judicial department form, which included language stating, "I understand that I must contact the court within [fourteen] days after filing this objection to set this matter for an appearance hearing. If I fail to do so, I understand that the court will take further action as it deems appropriate."

¶ 6     But mother did not set the matter for an appearance hearing. Nor did the court conduct a nonappearance hearing. Rather, the court ordered mother to pay the GAL $31,200.90 within fourteen days. In the order, the court found that the GAL was appointed pursuant to the settlement agreement, mother and father had each

2

agreed to pay half of the GAL's fees, and mother owed the GAL $31,200.90.

¶ 7 Mother filed a motion to reconsider. The motion to reconsider was deemed denied under C.R.C.P. 59(j) when the probate court failed to rule on it within sixty-three days of its filing. This appeal followed.

## II. Recovery Statute Procedures

### A. Standard of Review and Applicable Law

¶ 8 "We review a court's application of procedural rules de novo." *In re Estate of Gonzalez*, 2024 COA 63, ¶ 24. "And to the extent our analysis requires us to interpret the probate code, statutory interpretation is a question of law that we review de novo." *Id.*

¶ 9 When interpreting statutes, we give effect to the General Assembly's intent. *Id.* at ¶ 32. "To determine that intent, we first look to the statute's language and give words their plain and ordinary meaning[s]." *Id.* "We read and consider the statute as a whole to give consistent, harmonious, and sensible effect to all of its parts, and we presume that the General Assembly intended the entire statute to be effective." *Id.* "If the statute's language is clear and unambiguous, we look no further." *Id.* "Statutory language is

3

unambiguous if it is susceptible of only one reasonable interpretation." *Id.* (quoting *Montezuma Valley Irrigation Co. v. Bd. of Cnty. Comm'rs*, 2020 COA 161, ¶ 20).

¶ 10 The Compensation and Cost Recovery Act of the Colorado Probate Code (the recovery statute), sections 15-10-601 to -606, C.R.S. 2025, provides that "[a] third party who performs services at the request of a court is entitled to reasonable compensation." § 15-10-602(3), C.R.S. 2025. "A person's entitlement to compensation or costs shall not limit or remove a court's inherent authority, discretion, and responsibility to determine the reasonableness of compensation and costs when appropriate." § 15-10-602(4).

¶ 11 "A dispute over the reasonableness of a request for compensation or costs authorized by [the recovery statute] shall be resolved in accordance with the factors set forth in section 15-10-603(3) and the process and procedure set forth in this section." § 15-10-604(1), C.R.S. 2025. "[A] fee dispute shall be deemed to have arisen when an objection to compensation or costs has been filed in a proceeding." § 15-10-604(2).

¶ 12    The recovery statute provides a detailed process and procedure that the requester, objector, and the court must follow after the filing of an objection to compensation or costs. § 15-10-604(3).  Then "the court shall determine, after notice and hearing, the amount of compensation and costs it considers to be reasonable and shall issue its findings of fact and conclusions of law referencing the factors set forth in section 15-10-603(3) and any other factors it deems relevant to its decision." § 15-10-604(4).

## B.    Analysis

¶ 13    Mother contends that the district court reversibly erred by granting the GAL's compensation motion without following the procedure in section 15-10-604.[1]  We agree.

¶ 14    As a threshold matter, the GAL contends that mother did not preserve this issue because she only cited section 15-10-603 in her objection.  But in that objection, mother requested an evidentiary

---

[1] Mother's briefs do not comply with C.A.R. 28(e) and this court's November 13, 2025, Court of Appeals Policy on Citations, because they fail to provide any record citations.  (Though the present version of the policy was modified after mother filed her brief, the changes did not alter the portion of the policy that her brief failed to comply with.)  We remind counsel that "[t]he appellate rules are not mere technicalities, but are designed to facilitate appellate review." *Cikraji v. Snowberger*, 2015 COA 66, ¶ 10.

hearing as to the reasonableness of the GAL's requested compensation. Only section 15-10-604 discusses conducting a hearing before the court determines the amount of compensation it considers to be reasonable. Therefore, even though mother did not cite section 15-10-604 in her objection, she nevertheless said enough to preserve her argument that the court erred by not conducting a hearing consistent with the procedures in section 15-10-604. *See Rael v. People*, 2017 CO 67, ¶ 17 ("We do not require that parties use 'talismanic language' to preserve an argument for appeal." (citation omitted)); *Maslak v. Town of Vail*, 2015 COA 2, ¶ 12 (concluding that because the substance of the issue was presented to the trial court, the addition of a statutory reference on appeal "simply provide[d] additional support for the[] argument").

¶ 15    We turn to the merits of mother's argument.

¶ 16    Mother contends that section 15-10-604's procedures apply to the GAL's request. Specifically, she argues that once she filed her objection to the GAL's compensation request, there was "[a] dispute over the reasonableness of a request for compensation or costs authorized," and the process and procedures in section

6

15-10-604(4) needed to be, but were not, followed. § 15-10-604(1). The court neither conducted a hearing nor issued findings of fact and conclusions of law as to the amount of compensation it considered to be reasonable, referencing the factors in section 15-10-603(3), as section 15-10-604(4) requires. This was error.

¶ 17 The GAL's contentions to the contrary are unavailing.

¶ 18 We begin by rejecting the GAL's arguments that section 15-10-604 does not apply to her compensation request.

¶ 19 Citing section 15-10-602(7)(b), the GAL contends that the recovery statute only applies when a person whom the court did not appoint seeks compensation from the estate. But section 15-10-604(1) broadly applies to "a dispute over the reasonableness of a request for compensation or costs authorized by [the recovery statute]," not solely to requests authorized by section 15-10-602(7)(b). And, in her compensation request, the GAL explicitly invoked section 15-10-602(3) of the recovery statute, which provides that "[a] third party who performs services at the request of a court is entitled to reasonable compensation." The GAL's request, therefore, falls within the dispute resolution procedures set forth in section 15-10-604.

¶ 20    We also disagree that mother waived her right to a hearing under C.R.P.P. 24 because she did not contact the court to schedule one. The GAL's reliance on C.R.P.P. 24 is misplaced. That rule permits a proceeding to be conducted at a hearing without appearance "[u]nless otherwise required by statute." C.R.P.P. 24(b). And, as noted, section 15-10-604(4) provides that a fee dispute "shall be resolved 'after notice and hearing.'" Thus, once mother objected to the GAL's compensation request, C.R.P.P. 24 — including its waiver provision — no longer applied.

¶ 21    We next reject the GAL's contention that mother's objection was insufficient because she objected only to the nonappearance hearing, not to the compensation itself or to the GAL's compensation motion. The GAL misrepresents mother's objection, which clearly states that the GAL is only entitled to "the payment of *reasonable* fees" (emphasis added) and asserts that the GAL's request "offers little evidence as to [the statutory] factors." Mother then said in her objection, "In order to ascertain the reasonableness of these requested fees, [mother] requests this [c]ourt set the matter for an evidentiary hearing as to the reasonableness of the requested fees."

¶ 22 Section 15-10-604(2) merely states that "a fee dispute shall be deemed to have arisen when an objection to compensation or costs has been filed in a proceeding."  Mother filed her objection in response to the GAL's compensation motion and notice of hearing without appearance, and the objection was directed at the reasonableness of the GAL's requested compensation.  It was therefore sufficient under the recovery statute.

¶ 23 We also disagree with the GAL's contention that, even if the procedures in section 15-10-604 apply, mother did not comply with them because she did not file specific written objections based on the section 15-10-603 factors.  Section 15-10-604(3) provides, in relevant part, that

> After the objection to compensation or costs has been filed, the person requesting compensation or costs shall have thirty-five days, or a greater or lesser time as the court may direct, to make available to the objector for inspection and copying all documentation that the person deems necessary to establish the reasonableness of the compensation and costs in consideration of the factors set forth in section 15-10-603(3) and to certify to the court that such documentation was made available to the objector on a certain date.  The objector shall then have fourteen days, or a greater or lesser time as the court may direct, to file specific written objections to such

> compensation and costs based on the factors set forth in section 15-10-603(3). The fourteen days shall commence on the date that the person makes the documentation available to the objector or upon the filing of the person's certification, whichever is later.

But the GAL never made available to mother "for inspection and copying all documentation that the [GAL] deems necessary to establish the reasonableness of the compensation . . . in consideration of the factors set forth in section 15-10-603(3)." Therefore, mother's obligation to file "specific written objections to such compensation and costs based on the factors set forth in section 15-10-603(3)" was not triggered. § 15-10-604(3). Indeed, mother based her objection in part on the fact that the GAL provided "little evidence" as to the factors.

¶ 24    Finally, the GAL appears to contend that mother and father contracted around the procedure in section 15-10-604. She asserts that the separation agreement provided that the GAL's compensation would be split between them, not that the compensation amount had to be reasonable. Significantly, however, nothing in the separation agreement suggests that mother

10

and father agreed to pay any amount the GAL billed, regardless of whether the amount was reasonable.

¶ 25    Further, as noted, the recovery statute provides that "[a] person's entitlement to compensation or costs shall not limit or remove a court's inherent authority, discretion, and responsibility to determine the reasonableness of compensation and costs when appropriate." § 15-10-602(4).  In other words, even assuming parties can contract around the court's inherent authority and responsibility to determine the reasonableness of a fiduciary's compensation, nothing in mother and father's agreement suggests that they did so.

¶ 26    Finally, the GAL contends that any error was harmless because the court had all the information it needed to determine the reasonableness of her requested compensation.  The GAL points to the charts she filed with her compensation motion and notes that she had previously provided detailed invoices to mother and mother's attorneys and provided additional invoices to the court in response to mother's motion for reconsideration.  We reject this argument.

¶ 27      Under the harmless error standard, we will not disturb a judgment unless a court's error affected the substantial rights of the parties. C.R.C.P. 61. An error affects a substantial right only if "it can be said with fair assurance that the error substantially influenced the outcome of the case." *Bly v. Story*, 241 P.3d 529, 535 (Colo. 2010) (quoting *Banek v. Thomas*, 733 P.2d 1171, 1178 (Colo. 1986)).

¶ 28      Mother was not given a chance to challenge the GAL's compensation request at a hearing. *See Gonzalez*, ¶ 42. Nor was she provided with the documentation required pursuant to section 15-10-604(3). Further, it is immaterial what invoices the GAL provided to mother and to mother's attorneys but not to the court. And the court did not have all the relevant documentation before it granted the GAL's compensation request. Indeed, as the GAL acknowledges, she did not provide some of the documentation to the court until after the court had already granted her request. Therefore, the court reversibly erred when it awarded the GAL's compensation without first holding the mandated hearing. *See Gonzalez*, ¶¶ 42-43.

¶ 29    The GAL contends that the remedy for such a reversible error should be a limited remand but cites no authority for this contention.  Nor are we aware of any.  Rather, like the division in *Gonzalez*, we reverse the order awarding compensation and remand the case to the district court to conduct proceedings consistent with this opinion and the recovery statute.[2]  *See id.* at ¶ 50.

### III.    Appellate Attorney Fees

¶ 30    Mother requests an award of appellate attorney fees but does not specify the legal or factual basis for her request.  We therefore deny her request.  *See* C.A.R. 39.1 ("[T]he principal brief of the party claiming attorney fees must include a specific request . . . and must explain the legal and factual basis for an award of attorney fees.").

¶ 31    We also deny the GAL's request for appellate attorney fees and costs.  *See* C.A.R. 39(a)(3); *Mountain States Adjustment v. Cooke*, 2016 COA 80, ¶ 47 (nonprevailing appellate party is not entitled to award of appellate attorney fees).

---

[2] Because we reach this conclusion, we need not address whether the court abused its discretion by denying mother's motion to reconsider.  *See Spiremedia Inc. v. Wozniak*, 2020 COA 10, ¶ 35.

## IV. Disposition

¶ 32 The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE LIPINSKY concur.